GOINS, APPELLANT, *v.* CURRY, REGISTRAR, APPELLEE.

(No. 141306—Decided October 10, 1972.)

Hamilton County Municipal Court.

*Mr. E. Paul McComas*, for plaintiff-appellant.
*Mr. Simon L. Leis, Jr.*, prosecuting attorney, *Mr. Leonard Kirschner*, assistant prosecuting attorney, for defendant-appellee.

DOAN, J. This matter has come before the court on a motion for a directed verdict on the pleadings. The facts as presented in the pleadings are that the plaintiff-appellant was arrested by a police officer of the city of Sharonville and charged with operating a motor vehicle while under the influence of alcohol. The police officer involved filed an affidavit with the Bureau of Motor Vehicles of the state of Ohio stating that the said plaintiff-appellant refused to submit to a chemical test and that said plaintiff-appellant refused to comply after having been duly advised of the consequences of his refusal to submit to a chemical test. The records also reflect that on or about May 23, 1972, a letter was sent by certified mail advising the plaintiff-appellant that his license was being suspended for his refusal to submit to a chemical test as provided

by law and that he had twenty days thereafter in which to appeal said decision by the Bureau of Motor Vehicles, which decision was dated May 23, 1972. The exhibits attached to the complaint show that the initial letter mailed out May 23, 1972, was returned to the Bureau of Motor Vehicles on or about June 15, 1972. The complaint and the documents attached thereto further indicated that the same exact letter including the envelope which was returned unclaimed and the initial letter of May 23, 1972, was mailed out by regular mail on June 22, 1972. The said plaintiff-appellant filed an appeal from the decision of the Bureau of Motor Vehicles within twenty days from the date of the mailing of the second letter, namely, June 22, 1972. Counsel for the defendant-appellee, Bureau of Motor Vehicles, filed a motion for a directed verdict on the basis that the twenty day period began to run effective May 23, 1972, and therefore in light of the fact that the appeal was not filed within the statutory period of time that the appeal should be dismissed in light of the fact that the statutory period of time is a mandatory time limitation on the filing of appeals.

This court is fully cognizant and recognizes the fact that the filing of a complaint in this court must be done within a twenty day period after the mailing of notification. This court concurs with authority that if a person does not file his appeal within the twenty day period he is barred thereafter from filing such an appeal.

This court is not being asked to rule on the proposition as to whether or not the plaintiff-appellant's license would be suspended for failure to file a timely notice of appeal if the Bureau of Motor Vehicles had not intervened by sending out the notice a second time. This court does rule that by virtue of the fact that the Bureau of Motor Vehicles took the notice which was initially dated May 23, 1972, and remailed that notice under date of June 22, 1972, that by said act the Bureau of Motor Vehicles has given the plaintiff-appellant twenty days within which to file a notice of appeal from the date of the second mailing. As the statute provides under R. C. 4511.191, Section F:

"Any person whose license or permit to drive or non-resident operating privilege has been suspended under this section, may, *within twenty days of the mailing of the notice provided above, file a petition in the Municipal Court or the County Court.* \* \* \*" (Emphasis ours.)

The statutory period does not specifically define first notice, second notice or third notice. It merely gives the person whose license is to be suspended twenty days from the mailing of the notice. In light of the fact that the Bureau of Motor Vehicles mailed a notice on June 22, 1972, it is the opinion of this court that if the plaintiff-appellant files an appeal in accordance to the provisions of the statute within twenty days from the second notice that it is a timely filing of a notice of appeal.

Therefore, this court finds that the motion for a directed verdict on the pleadings is not well taken and does hereby overrule same and does hereby give the defendant-appellee in these proceedings, the Bureau of Motor Vehicles, fourteen days within which to file further pleadings in this matter. Exceptions of the defendant-appellee are noted, to the decision and judgment of this court.

*Motion for directed verdict denied.*